```
               UNITED STATES DISTRICT COURT

                 DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                    Case No. 10-cr-36-1-SM

Joan R. LaPlante


**O R D E R**

    Defendant has appealed her criminal mail fraud conviction, and the 47 month sentence imposed, to the United States Court of Appeals for the First Circuit.  The government proved to a jury that defendant fraudulently induced others to lend her substantial sums of money based upon false representations that the loan proceeds would be used to purchase accounts receivable at a substantial discount, after appropriate due diligence was exercised to assure that those accounts could be collected, and that the purchased accounts receivable would provide reliable security for the loan proceeds.  Over an extended period of years, however, defendant did not purchase any accounts receivable, notwithstanding her representations to the contrary.  Rather, she used newly loaned funds to pay interest and return principal to earlier lenders, a process that continued until the fraud was exposed.

Defendant now moves for an order releasing her on bail pending consideration of her appeal.  18 U.S.C. § 1341.

The general rule applicable to bail pending appeal is that a person who has been found guilty of a criminal offense and sentenced to a term of imprisonment, and who has filed an appeal, is to be detained, unless a judicial officer finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released, and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

See 18 U.S.C. § 3143(b)(1).

In this case, there is little reason to think that, if released pending appeal, the defendant would flee or pose a danger to the safety of others or the community.  It is also unlikely that the appeal was filed for the purpose of delay.

But, nothing in the defendant's motion suggests that her appeal raises a substantial question of law or fact likely to

result in reversal, an order for a new trial, or a sentence that does not include a term of imprisonment. Defendant was sentenced to 47 months of imprisonment, and the appellate process is unlikely to require more than a year. So, there is also little risk at this point that a reduced sentence (which is itself unlikely given that defendant was sentenced at the bottom of the advisory guideline range) might be less than the total time served plus the expected duration of the appeal process.

Defendant's motion is based, substantially, upon her contention that the evidence presented at trial was insufficient, as a matter of law, to support her conviction. I cannot find that that appellate issue is "likely to result" in reversal or a new trial. The evidence of defendant's guilt was strong and fully supported the jury's conclusion that she intentionally misrepresented critical facts to prospective lenders as part of an ongoing fraudulent scheme to obtain their money. "The 'likely to result' standard is applied flexibly - a question that can be regarded as 'close' will often suffice." United States v. Colon-Munoz, 292 F.3d 18, 20 (1st Cir. 2002) (citing United States v. Bayko, 774 F.2d 516, 523 (1st Cir. 1985)). But, defendant's insufficiency of the evidence argument does not meet that flexible standard — whether the evidence was sufficient to support defendant's conviction is not a close question.

Defendant also suggests that her current counsel is "actively investigating" a claim of ineffective assistance of trial counsel, but offers nothing substantive to support such a claim. That appellate issue, if it is one, also cannot be regarded, at this point, as "likely to result" in a reversal, new trial, or sentence that does not include a period of incarceration. Defendant also suggests that counsel is "investigating allegations of violations of the Court's sequestration order by a lay witness and inconsistent statements and impeachment evidence concerning lay witnesses." Again, no appellate issue has been identified that is "likely to result" in a reversal, new trial, or sentence that does not include a period of incarceration.

Finally, defendant expects to challenge the imposed sentence on appeal as "unreasonable." That issue is also not likely to result in a sentence that does not include a term of imprisonment, since her sentence is entirely consistent with the properly calculated (and uncontested) applicable advisory guidelines sentencing range - indeed, the court imposed a sentence consistent with the bottom of the advisory guideline range.

## Conclusion

As defendant has not shown that her appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process, the motion for release on bail pending appeal (document no. 46) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 1, 2011

cc: Robert M. Kinsella, Esq., AUSA
    Mark E. Howard, Esq.